**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| Terrance Burton, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>GEICO Casualty Company,<br>SERVE: The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093-2264<br><br>       Defendant. | Case No. _____<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Terrance Burton ("Plaintiff"), by and through his undersigned counsel, brings this class action complaint against Defendant GEICO Casualty Company ("GEICO" or "Defendant"). Plaintiff makes the following allegations on personal knowledge with respect to his own acts, and upon information and belief and the reasonable investigation of counsel as to all other matters.

**NATURE OF THE ACTION**

1.     This is a class action lawsuit by Plaintiff, the named insured under a GEICO automobile policy issued for private passenger auto physical damage coverage, including collision or physical damage other than collision ("comprehensive coverage"), which requires payment of "Actual Cash Value" or "ACV" in the case of a total loss of the insured vehicle.

2.     Defendant is a large private-passenger automobile insurance company that operates, among other states, in Missouri. One of the coverages Defendant offers is collision or physical damage other than collision coverage. Upon information and belief, Defendant

systematically underpaid not just Plaintiff, but numerous other putative class members. Defendant failed to pay the amounts it owed its insureds for ACV losses for total loss vehicles insured with collision and/or comprehensive coverage.

3.      This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Defendant's practice of refusing to pay full ACV payments or full total loss payment ("FTLP") to first-party total loss insureds on physical damage coverage, including collision or physical damage other than collision coverage. Specifically, as a matter of policy, Defendant fails to include both sales tax and vehicle title transfer and registration fees ("Vehicle Title and Registration Fees") in its calculation of ACV when paying FTLP to its insureds.

4.      Defendant's failure to pay FTLP to first-party total losses owed to its insureds is a breach of the insurance policy.

5.      Plaintiff and the class members are entitled to damages for Defendant's breach of contract and a declaration of their rights under the insurance policies.

## PARTIES, JURISDICTION, AND VENUE

6.      Plaintiff Terrance Burton is, and at all relevant times was, a citizen of Missouri domiciled in Saint Louis, Missouri.

7.      Defendant GEICO Casualty Company is a Maryland corporation with its headquarters and principal place of business located in Chevy Chase, Maryland.

8.      The Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 Class members, and some of the members of the Classes are citizens of states different from Defendant.

9.    This Court has personal jurisdiction over GEICO because GEICO contracts to insure property in this District, transacts business in this District, enters into contracts in this District, and committed the acts at issue in this lawsuit in this District.

10.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL ALLEGATIONS

11.    Defendant's standardized automobile insurance policy ("Insurance Policy") includes language as to physical damage coverage, including both collision and physical damage other than collision coverage, for ACV of total loss vehicles.

12.    Under the Insurance Policy, a total loss ACV includes an obligation to pay sales tax and Vehicle Title and Registration Fees for total loss vehicle collision or physical damage other than collision coverage, including theft.

13.    As Plaintiff's experience demonstrates, Defendant does not pay sales tax or Vehicle Title and Registration Fees when determining and paying the ACV to insureds.

14.    Plaintiff owned a 2008 Mercedes-Benz ML350 SUV (VIN: 4JGBB86E18A414281) and insured the vehicle with Defendant ("Insured Vehicle").

15.    Plaintiff garaged his vehicle at his residence in Saint Louis, which is where he entered the contract with Defendant to insure his vehicle.

16.    Plaintiff's Insured Vehicle was involved in an accident in August of 2018. The Insured Vehicle was determined to be a total loss.

17.    Plaintiff filed a claim for property damage with Defendant, claim number 0333770360101030.

18.     In accordance with the Insurance Policy, because the Insured Vehicle was deemed a total loss, Defendant was committed to pay "the actual cash value of the property at the time of the loss." *See* Ex. A at 10 (Insurance Policy).

19.     ACV is defined in the policy as "the replacement cost of the auto or property less depreciation or betterment." *See* Ex. A at 8.

20.     Missouri requires that cars be properly registered and that cars have proper license plates and tabs. Thus, the ACV of damaged or stolen vehicles includes Vehicle Title and Registration Fees.

21.     The policy language applies to all covered autos irrespective of ownership interests – whether owned, financed or leased.

22.     The policy language *does not exclude* sales tax or Vehicle Title and Registration Fees from its definition of ACV. Nor is there any provision deferring or conditioning payment of sales tax or Vehicle Registration Fees in any manner.

23.     Following the filing of Plaintiff's claim, Defendant determined that the Insured Vehicle was a total loss with a base value of $10,636.00.

24.     The base value was calculated by a third party, CCC Informational Services Inc. ("CCC"). CCC bases such valuations on the cost to purchase similar vehicles with similar conditions and mileage. In establishing this base value, CCC created a Market Valuation Report. *See* Ex. B (Market Valuation Report).

25.     The Market Valuation Report indicated that Plaintiff's base value and adjusted vehicle value, before taking into account sales tax or Vehicle Title and Registration Fees, was $10,636.00. Defendant added $20.50 for "State and Local Regulatory Fees" and then reduced the

settlement amount by the Plaintiff's $500 deductible to arrive at a "Net Settlement Amount" of $10,156.50. *See* Ex. C (Total Loss Settlement Explanation).

26.     The settlement statement that Defendant provided to Plaintiff included line items for "Tax" and "State and Local Regulatory Fees." Defendant lists "$0.00" on the Tax line item and makes no other adjustments to account for taxes incurred by Plaintiff in replacing his total loss Insured Vehicle. Defendant's settlement statement does not itemize or explain which "State and Local Regulatory Fees" that adjustment was intended to pay to Plaintiff, and the amount paid, $20.50, is not sufficient to cover Vehicle Title and Registration Fees in Missouri.

27.     In other words, Defendant failed to pay Plaintiff any sales tax or sufficient Vehicle Title and Registration Fees, and in so doing failed to satisfy its obligation under the insurance contract it entered with Plaintiff. Defendant breached its Insurance Policy with Plaintiff by failing to include sales tax and Vehicle Title and Registration Fees in the ACV payment to Plaintiff.

28.     By not including amounts for sales tax and full Vehicle Title and Registration Fees in its calculation of ACV paid to insureds, Defendant limits the amount it pays insureds, including Plaintiff, in breach of Defendant's Insurance Policy.

29.     Sales tax is a mandatory cost that must be paid to replace any vehicle in the State of Missouri.

30.     Vehicle Title and Registration Fees are mandatory applicable fees that must be paid to replace any vehicle in the State of Missouri.

31.     Missouri law requires that all vehicles be properly titled in order to be legally driven on Missouri roadways.

32.     Missouri law requires that all vehicles have proper registration in order to be legally driven on Missouri roadways. The fee to register the vehicle is, at minimum, $30.25.

33.     Plaintiff and all class members paid all premiums owed and otherwise satisfied all conditions precedent, or such conditions precedent were waived or excused.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of himself and all others similarly situated. This action is brought and is properly maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3).

35.     Plaintiff seeks to represent a class (the "Class") defined as follows:

All individuals and entities in Missouri insured by GEICO Casualty Company ("GEICO") and whose insurance covers a vehicle with private-passenger physical damage coverage, including collision or physical damage other than collision coverage, who made a first-party claim that was adjusted by GEICO as a total loss and who received an actual cash value payment from GEICO that did not include sales tax and/or Vehicle Title and Registration Fees.

36.     Excluded from the Class are Defendant, its subsidiaries and affiliates, its officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

37.     Plaintiff reserves the right to modify or amend the definition of the proposed Class, including by adding subclasses, before this Court determines whether certification is appropriate.

### Numerosity

38.     The class is so numerous that joinder of all class members is impractical pursuant to Federal Rule of Civil Procedure 23(a)(1).

39.     Although the precise number of Class members for the Class is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that based on the nature of the insurance industry and insurers' need to allocate risk across numerous insureds, the class affected by Defendant's unlawful practice consists of at least hundreds, and likely thousands of insureds.

40.     The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized Insurance Policy language, and results in the retention by Defendant of insurance benefits properly owed to Plaintiff and the Class members.

41.     The Class definition will permit the Court to reasonably ascertain whether any individual or entity is a member of the Class. Any individual who is or was an insured of Defendant during the class period and who received a FTLP that did not include sales tax and Vehicle Title and Registration Fees will be a member of the Class.

42.     Upon information and belief, Defendant uniformly fails to pay sales tax and Vehicle Title and Registration Fees in total loss cases. Accordingly, the Class consists of at least hundreds, and likely thousands, of Defendant's insureds who were not paid sales tax and Vehicle Title and Registration Fees—in breach of their Insurance Policies. Thus, pursuant to Federal Rule of Civil Procedure 23(a)(1), the Class is so numerous that joinder of all individual members is impracticable.

**Commonality and Predominance**

43.     Defendant's conduct toward the Class raises common questions of law and fact that predominate, pursuant to Federal Rule of Civil Procedure 23(a)(2) and (b)(3), as Defendant fails to pay sales tax and Vehicle Title and Registration Fees in total loss cases.

44.     Plaintiff shares a common interest with all members of the putative Class in the objects of the action and the relief sought.

45.     Plaintiff satisfies the commonality requirement because his claim arises from a practice that Defendant applies to all of the similarly situated class members—Defendant's insureds with the Insurance Policies—and because Plaintiff's claims are based on the same legal theories as all other members of the putative class, namely, that failing to pay sales tax and Vehicle Title and Registration Fees in total loss cases violates the Insurance Policies.

46.     Because Defendant's conduct was the same as to all Class members, the material elements of Plaintiff's claims and those of absent Class members are subject to common proof, and the outcome of Plaintiff's individual actions will be dispositive for the Class.

47.     The common questions include, but are not limited to, whether, under Defendant's standardized policy language, Plaintiff and the class members are owed sales tax and Vehicle Title and Registration Fees upon the total loss of an insured vehicle. There are common answers to these questions such that they can be answered in one fell swoop with respect to all Class members.

**Typicality**

48.     Plaintiff's legal claims are typical of the claims of the Class members and arise from the same core practices, namely, the failure to pay full ACV, including sales tax and Vehicle Title and Registration Fees, for first-party total loss claims. The material facts underlying the claims of each putative Class member are the same material facts as those supporting Plaintiff's claim. As such, Federal Rule of Civil Procedure 23(a)(3) is satisfied.

**Adequacy of Representation**

49.     Plaintiff can and will adequately represent the Class, and his interests are the same as those of all absent Class members. By proving his individual claims, Plaintiff will necessarily prove the claims of the Class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; his interests and claims are not antagonistic to those of any other Class members; and his claims are not subject to any unique defenses.

50.     Plaintiff, therefore, can and will fairly and adequately protect and represent the interests of the Class under the criteria set forth in Federal Rule of Civil Procedure 23(a)(4).

51.     Plaintiff's counsel have extensive experience in complex commercial and class action litigation, and they have adequate financial resources to ensure that the interests of the Class will be protected.

52.     If appointed class representative, Plaintiff is aware of, and is committed to, faithfully uphold his fiduciary duties to absent Class members. Plaintiff and his counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the Class is fairly represented.

**Superiority**

53.     Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy under the criteria set forth in Federal Rule of Civil Procedure 23(b)(3). Class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the Court and litigants by avoiding a multiplicity of suits and the risk of inconsistent results.

54.     Because Defendant's conduct was uniform with respect to all prospective Class members, common questions of law and fact predominate over individual questions.

55.     Because the Class encompasses thousands of claims, a single Missouri class action is more efficient than many thousands of individual actions, each requiring the same discovery and proof. Given the relatively small amount of the claims of each putative Class member, it is likely that, absent class representation, such claims would not be brought, and the Class would never have appropriate redress for Defendant's improper conduct. A class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

56.     Class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide relief to Class members for their past and future injuries. It will also deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

57.     The expense and burden of individual litigation effectively makes it a practical impossibility for individual Class members to seek redress for the wrongs alleged herein.

58.     The advantages of maintaining this action as a class action far outweigh the expense and waste of judicial effort that would result from thousands of separate adjudications or the unfairness of none at all, which is the likely outcome if the small individual claims at issue are not aggregated.

59.     There are also no unusual difficulties likely to be encountered in the maintenance of this action as a class suit, and this Court can effectively manage the class action.

60.     The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of insurance policies and claims of prospective Class members during the class period, including records of

total loss vehicles. Therefore, both the membership of the Class and the amount of individual damages is readily ascertainable from Defendant's records.

61.     Unless a class is certified, Defendant will retain monies due to its insureds as a result of its conduct wrongfully taken against Plaintiff and Class members.

**Declaratory Relief**

62.     Class treatment is warranted because Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate.

63.     Because declaratory relief is sought, class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide relief to Class members for their past and future injuries. It will also deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

64.     Because Defendant has acted consistently towards all members of the Class, declaratory relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

65.     Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

66.     Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorney's fees and costs. Plaintiff, for himself and the putative Class, is entitled to recovery attorney's fees and costs.

## COUNT I

## CLAIM FOR BREACH OF CONTRACT

67.     The allegations contained in the foregoing paragraphs are incorporated by reference.

68.     This count is brought by Plaintiff on behalf of himself and on behalf of the Class.

69.     Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein. *See* Ex. A. All Class members were parties to an Insurance Policy with Defendant containing materially identical terms.

70.     Plaintiff and all Class members made claims determined by Defendant to be first-party total losses under the Insurance Policy and determined by Defendant to be covered claims.

71.     Defendant, in paying the total loss claim, determined that Plaintiff and each Class member complied with the terms of their insurance contracts, and fulfilled all duties and conditions under the Insurance Policy necessary to be paid on the total loss.

72.     Pursuant to Defendant's Insurance Policy, upon the total loss of Plaintiff's and the Class's insured vehicles, Plaintiff and each Class member was owed the ACV, including the payment of sales tax and Vehicle Title and Registration Fees.

73.     Defendant refused to make a FTLP and thus failed to pay the vehicle's ACV.

74.     Defendant's failure to provide the promised coverage constitutes a material breach of contract.

75.     As a result, Plaintiff and Class members are entitled to the full ACV payment, including sales tax and Vehicle Title and Registration Fees without proof of purchase of a new vehicle and without reducing the sales tax based on the replacement cost of a new vehicle being less than the ACV Defendant paid, as well as prejudgment and post-judgment interest and other relief as is appropriate.

## COUNT II

## DECLARATORY RELIEF

76. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

77. This count is brought by Plaintiff on behalf of himself and the Class.

78. Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein. *See* Ex. A. All Class members were parties to an Insurance Policy contract with Defendant containing materially identical terms.

79. Plaintiff seeks a declaratory judgment that an insured is unconditionally entitled to sales tax and Vehicle Title and Registration Fees in a FTLP to pay a vehicle's ACV under the Insurance Policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

80. Plaintiff contends Defendant is unconditionally required to pay sales tax and Vehicle Title and Registration Fees in an FTLP to pay a vehicle's ACV under the Insurance Policies that govern Plaintiff and the Class members' relationship with Defendant.

81. Defendant disagrees with Plaintiff's interpretation of the Insurance Policy, as evidenced by its failure to pay sales tax and Vehicle Title and Registration Fees.

82. Because of Defendant's claim that it is not required to pay sales tax and Vehicle Title and Registration Fees, Plaintiff and the Class are in doubt as to their rights under the Insurance Policy.

83. The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to unconditional entitlement to the sales tax and Vehicle Title and Registration Fees.

84.     Plaintiff has presented a justiciable question as to the existence of his right to the sales tax and Vehicle Title and Registration Fees.

85.     All antagonistic and adverse interests, namely Plaintiff and Defendant and the Class when certified, are before this Court by the filing of this count.

86.     Plaintiff and the Class are entitled to a declaration of their rights to the sales tax and Vehicle Title and Registration Fees to resolve their doubt about their rights under the Insurance Policy considering Defendant's position to the contrary.

87.     Upon the Court granting Plaintiff the declaratory relief requested herein, Plaintiff will seek further relief in the form of an order directing that the sales tax and Vehicle Title and Registration Fees be paid to Plaintiff and the Class, an award of attorney's fees incurred in establishing coverage under the Insurance Policy, and prejudgment interest and post-judgment interest, as the sales tax and Vehicle Title and Registration Fees represents liquidated amounts.

RELIEF REQUESTED

Wherefore, Plaintiff, individually and on behalf of the Class, demands relief and judgment as follows:

1.     For an Order certifying this action as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Class described above;

2.     Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

3.     For an award of compensatory damages for the Class in amounts owed by Defendant;

4.     For declaratory relief to be entered for Plaintiff and the Class that his interpretation of the Insurance Policy is correct, thereby requiring Defendant to unconditionally pay sales tax and Vehicle Title and Registration Fees;

5.      For all other damages according to proof;

6.      For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

7.      For costs of suit incurred herein;

8.      For pre- and post-judgment interest on any amounts awarded;

9.      For other and further forms of relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Date: March 6, 2020                           Respectfully submitted,

                                              **ONDERLAW, LLC**

                                              */s/ Martin L. Daesch*
                                              Martin L. Daesch, #40494
                                              Jesse B. Rochman, #60712
                                              110 East Lockwood
                                              St. Louis, MO 63119
                                              Telephone: (314) 963-9000
                                              Facsimile: (314) 963-1700
                                              daesch@onderlaw.com
                                              rochman@onderlaw.com

                                              **EDELSBERG LAW, PA**
                                              Scott Edelsberg (*pro hac vice* to be filed)
                                              scott@edelsberglaw.com
                                              Jordan D. Utanski (*pro hac vice* to be filed*)*
                                              utanski@edelsberglaw.com
                                              19495 Biscayne Blvd. #607
                                              Aventura, FL 33180
                                              Telephone: (305) 975-3320

                                              **SHAMIS & GENTILE, P.A.**
                                              Andrew J. Shamis (*pro hac vice* to be filed)
                                              ashamis@shamisgentile.com
                                              14 NE 1st Avenue, Suite 400
                                              Miami, Florida 33132
                                              Telephone: (305) 479-2299

Melissa S. Weiner (*pro hac vice* to be filed)
mweiner@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Counsel for Plaintiff and the Proposed Class*