UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRANCE BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00360-MTS |
| ) | |
| GEICO CASUALTY CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant GEICO Casualty Co.'s (Geico) Motion to Compel Appraisal and Dismiss Plaintiff's Class Action Complaint. Doc. [18]. In his Complaint, Plaintiff alleged that Geico breached its insurance agreement by failing to provide him full payment for his totaled vehicle. He made a claim against Geico for breach of contract and also seeks from the Court a declaration that Geico is obligated, under the terms of his insurance policy, to pay various fees attendant to the purchase of a replacement vehicle. Geico filed the instant Motion, arguing that the Court should either stay the case and order Plaintiff to comply with an appraisal provision in the insurance policy or alternatively dismiss both Plaintiff's breach of contract claim and his request for declaratory judgment. For the reasons that follow, the Court denies the Motion to Compel Appraisal and to Dismiss Plaintiff's breach of contract claim, but it grants the Motion to Dismiss Plaintiff's request for a declaratory judgment.

**I.      BACKGROUND**

This action arises out of an August 2018 accident involving Plaintiff's vehicle, which was insured by Defendant Geico. Under the "Losses We Pay" subsection of Plaintiff's insurance policy (the "Policy"), which falls under the broader section of "Physical Damages Coverages," Geico

1

agreed to "pay for *collision loss* . . . for the amount of each *loss* less the applicable deductible" and also "for each *loss*, less the applicable deductible, caused other than by *collision*." Doc. [22-1] at 12–13 (emphasis in original). "Loss" is defined as "direct and accidental loss of or damage to: (a) [t]he auto, including its equipment; or (b) [o]ther insured property." *Id.* at 12. Under the heading "Payment of *Loss*," Geico reserved the right to either (1) pay for the "loss" or (2) "[r]epair or replace the damaged or stolen property." *Id.* at 15. Under the "Limit of Liability" subheading, which also falls within the "Physical Damages Coverages" section, the Policy provides in relevant part that Geico's limit of liability for loss "[i]s the actual cash value of the property at the time of the *loss*" and "[w]ill not exceed the cost to repair or replace the property . . . with other of like kind and quality." *Id.* at 14 (emphasis in original). The Policy defines "actual cash value" as "the replacement cost of the auto . . . less *depreciation* or *betterment*." *Id.* at 12 (emphasis in original).

Plaintiff alleges that he filed a claim with Geico for the damage caused by the August 2018 accident, and Geico determined that his vehicle was a total loss. Doc. [1] ¶ 16–17. Geico, through a third party, calculated the base value of the vehicle to be $10,636.00. *Id.* ¶¶ 23–25. Geico paid Plaintiff a net settlement amount of $10,156.50 for his claim, including the $10,636.00 base value of the vehicle, plus an additional $20.50 for "State and Local Regulatory Fees," and less Plaintiff's $500 deductible. *Id.* ¶ 25. But Geico did not pay Plaintiff for the sales tax on a replacement vehicle, and the $20.50, according to Plaintiff, is insufficient to cover vehicle title and registration fees in Missouri. *Id.* ¶¶ 26–27. Plaintiff contended that under the Policy, Geico was obligated to pay "the actual cash value of the property at the time of the loss," which the Policy defines as "the replacement cost of the auto or property less depreciation or betterment." *Id.* ¶¶ 18–19; Doc. [22-1] at 12, 14. Because Missouri law requires proper vehicle registration and titling and sales tax is a mandatory cost for replacing a vehicle, Plaintiff alleged that Geico breached the Policy by not

2

paying him for the full cost of sales tax and title and registration fees. *Id.* ¶¶ 20, 27–32. He filed this putative class action, alleging two counts against Geico: breach of contract (Count I) and (2) declaratory relief (Count II).

In the instant Motion, Geico argues that the parties' disagreement must be resolved through an appraisal process laid out in the Policy. Docs. [18] ¶ 1; [19] at 3–5. The appraisal provision provides:

> *If we and the insured do not agree on the amount of loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In that event, we and the insured will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the actual cash value and the amount of the loss. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of loss. We and the insured will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

Doc. [22-1] at 15 (emphasis added). According to Geico, "Plaintiff's claims are, in sum, that GEICO underpaid the 'Actual Cash Value' owed in settling his total loss claim by not including amounts for taxes and by underpaying fees." Doc. [19] at 3. Because those claims "are at their core a disagreement concerning the 'amount of loss,'" urges Geico, the appraisal provision is applicable, and the Court should stay or dismiss the case pending the parties' completion of the appraisal process in compliance with the terms of the Policy. *Id.* at 4–5. Alternatively, Geico argues that Plaintiff's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's breach of contract claim fails, Geico insists, because Plaintiff failed to allege both that Geico breached the policy agreement and that Plaintiff suffered damages as a result of the alleged breach. Specifically, Geico argues (1) that the policy does not provide coverage for sales tax and fees; (2) that sales tax is not a mandatory replacement cost, because Missouri law provides the owner of a totaled vehicle a sales tax credit on the purchase of a replacement vehicle; and (3) that Plaintiff has not adequately alleged why the $20.50 Geico paid him for fees is

3

insufficient to cover the fees related to a replacement vehicle. *Id.* at 6–11. Finally, Geico argues the Court should dismiss Plaintiff's claim for declaratory relief because there is an adequate remedy at law in the form of damages for Plaintiff's breach of contract claim and because Plaintiff did not plead there is any "threat of a real or immediate risk of injury." *Id.* at 11–12.

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The Court "need not accept as true [a] plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The Court does not decide whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

### III. DISCUSSION

#### A. The Policy's Appraisal Provision Does Not Apply Here

The Court is unpersuaded by Geico's argument that the appraisal provision in the Policy is applicable to the facts of this case. Missouri law is "clear that whether the appraisal provision of an insurance policy applies depends upon whether the dispute between the insurer and insured is properly characterized as a coverage dispute or a disagreement over the amount of loss." *Am. Fam. Mut., Ins. Co. v. Dixon*, 450 S.W.3d 831, 835 (Mo. Ct. App. 2014) (citing *Hawkinson Tread Tire Serv. Co. v. Ind. Lumbermens Mut. Ins. Co.*, 245 S.W.2d 24 (Mo. 1951)); *accord Church Mut. Ins. Co. v. Metro. Christian Worship Ctr. of St. Louis*, No. 4:19-cv-903-SNLJ, 2020 WL 7029882, at *1 (E.D. Mo. July 23, 2020) ("The Missouri Supreme Court has held that the appraisal process is not appropriate for resolving questions of coverage." (quoting *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, 4:13-cv-193-CAS, 2013 WL 2403843, at *8 (E.D. Mo. May 31, 2013))). The Court finds that the parties' dispute relates to the reach of the Policy's coverage, not a dispute, as Geico argues, regarding the amount of loss. *See Cincinnati Ins. Co. v. Saint Louis Produce Mkts., Inc.*, No. 4:20-cv-00358-SNLJ, 2020 WL 5848075, at *3 (E.D. Mo. Oct. 1, 2020) (noting a coverage dispute is a disagreement relating to the extent of an insurer's liability).

Plaintiff asserted in his Complaint that, under the Policy, Geico must pay him the sales tax and fees incident to the replacement of his totaled vehicle. Geico, meanwhile, contends that "[a] plain reading of the Policy's insuring provision demonstrates that a covered 'loss' relates to damage to the vehicle itself, not attendant taxes and fees." Doc. [19] at 7. At its core, then, the dispute here pertains to the sweep of the Policy's coverage: Does the Policy provide coverage only for the value of the totaled vehicle itself, as Geico contends, or does it additionally insure the fees

5

and sales tax associated with the purchase of a replacement for the vehicle, as alleged by Plaintiff? Because the interpretation of an insurance contract—including the scope of its coverage—is a task for a court, not an appraiser, the Court denies Geico's Motion to Compel Appraisal. *See Cincinnati Ins. Co.*, 2020 WL 5848075, at *3; *Dixon*, 450 S.W.3d at 835; *cf. Ewing v. GEICO Indem. Co.*, No. 5:20-cv-165-MTT, 2020 WL 5995589, at *2 (M.D. Ga. Oct. 9, 2020) (holding the same based on similar state law); *Gravitystorm, LLC v. Old Dominion Ins. Co.*, 304 So. 3d 8, 9 (Fla. Dist. Ct. App. 2020) (same); *McNichols v. GEICO Gen. Ins. Co.*, 3:20-cv-01497-KAD, 2021 WL 3079783, at *8 (D. Conn. July 21, 2021) (same).

### B.  Plaintiff Adequately Alleged His Breach of Contract Claim

To plead a breach of contract claim that will survive a Rule 12(b)(6) motion, Plaintiff must allege facts demonstrating (1) the existence and terms of a contract, (2) that Plaintiff performed pursuant to the contract, (3) that Geico breached the contract, and (4) that Plaintiff suffered damages resulting from the breach. *Fuller v. Partee*, 540 S.W.3d 864, 871 (Mo. Ct. App. 2018). In the context of an insurance agreement, under Missouri law, a court interpreting an insurance policy should "give[] the policy language its plain meaning, or the meaning that would be attached by an ordinary purchaser of insurance." *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245, 247 (Mo. banc 2019) (quoting *Doe Run Res. Corp. v. Am. Guar. & Liab. Ins.*, 531 S.W.3d 508, 511 (Mo. banc 2017)).  Further, courts "should not interpret policy provisions in isolation but rather evaluate policies as a whole." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc. 2009).  When an insurance policy is "clear and unambiguous," the court must enforce the policy as written. *Seaton*, 574 S.W.3d at 247.  But, important here, if "the policy is ambiguous, . . . any ambiguity must be resolved against the insurer-drafter." *Ballas Nails & Spa, LLC v. Travelers Cas. Ins. Co. of Am.*, 511 F. Supp. 3d 978, 981 (E.D. Mo. 2021) (quoting *Allen v. Cont'l W. Ins.*

6

*Co.*, 436 S.W.3d 548, 554 (Mo. banc. 2014)). "Language is ambiguous if it is reasonably open to different constructions," or "when there is duplicity, indistinctness, or uncertainty in [its] meaning." *Johnson v. Safeco Ins. Co. of Ill.*, 983 F.3d 323, 330 (8th Cir. 2020) (first quoting *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010), then quoting *Seaton*, 574 S.W.3d at 247).

There is no dispute that Plaintiff alleged the first two elements of his breach of contract claim: the existence of a contract (the Policy) and that he performed his duties under the Policy. Geico argues, however, that Plaintiff failed to adequately allege that Geico breached the Policy and that Plaintiff suffered damages from the alleged breach. Doc. [19] at 6. Regarding breach, Geico insists that the Policy unambiguously does not insure sales tax and fees. *Id.* at 6–8. Geico focuses on the Policy's definition of "loss": "direct and accidental loss of or damage to" the insured vehicle. *Id.* at 7; Doc. [22-1] at 12. According to Geico, Plaintiff's reliance on the definition of "actual cash value" (ACV) is misplaced because ACV is only referenced in the Policy's "Limit of Liability" subsection, which, Geico urges, does not provide coverage but instead sets a ceiling on the total amount Geico must pay Plaintiff. Doc. [19] at 7. Since, in Geico's view, the Policy unambiguously does not provide for the payment of ACV, Plaintiff has failed to allege that Geico breached the Policy.

The Court is unpersuaded, as the Policy is ambiguous as to the role of ACV in determining what Geico must pay Plaintiff for Plaintiff's totaled vehicle. Geico is right that the definition of loss does not refer to "replacement cost." But the Court does not interpret individual policy provisions in isolation; it must assess them in the context of the whole insurance agreement, and thus it must consider the relationship between the "Losses We Pay" and "Limit of Liability" subsections rather than mechanically focusing, as Geico suggests it should, on the subsections' titles. *See McPheeters v. United Servs. Auto. Ass'n*, No. 1:20-cv-414, 2021 WL 2935986, at *6

(S.D. Ohio 2021) ("While the section is styled as "limit," the text and structure of the policy as a whole do not foreclose Plaintiff's interpretation that ACV is the value returned to an insured when the car is a total loss."). When the cost to repair the vehicle exceeds the vehicle's value, it appears that the ACV provision would come into play. In such a scenario, to determine the maximum amount it would pay its insured under the Policy, Geico would have to calculate the ACV. In so doing, it would necessarily confront the central issue in this case: whether, in setting the ceiling on its liability and thus determining how much it will pay the insured, it must include sales tax and fees incident to the insured's purchase of a replacement vehicle.[1] *See McNichols*, 2021 WL 3079783, at *5 (rejecting contention that fees are unambiguously not part of "loss" in substantially similar Geico policy provision because "[a]n insured's *loss* (however determined) might exceed the automobile's value, thereby triggering the limit of liability section. And if the *actual cash value* includes Regulatory Fees, a question on which the Policy is ambiguous, then GEICO would, under those circumstances, be required to pay Regulatory Fees."). Plaintiff's interpretation of the Policy as requiring Geico to pay the ACV—the replacement cost of the vehicle less depreciation or betterment, which could include the sales tax and fees associated with the purchase of a replacement vehicle—is, based on the Policy as a whole, entirely reasonable.[2] As such, and given that the Court must construe ambiguities against Geico "and apply the meaning most favorable to"

---

[1] Whether ACV includes sales tax and fees is also ambiguous: the Policy does not define "replacement cost," but "replacement cost" appears in the definition of ACV. *See id.* at *4 (concluding, based on substantially similar language in Geico policy, that "replacement cost" is ambiguous); *Desai v. GEICO Cas. Co.*, 478 F. Supp. 3d 609, 615 (N.D. Ohio 2020) (finding "that the term 'actual cash value' as used in the Policy is ambiguous because it does not define 'replacement cost'"); *cf. Davis v. GEICO Cas. Co.*, No. 2:19-cv-2477, 2020 WL 68573, at *6 n.4 (S.D. Ohio 2020) (assessing similar policy and concluding that replacement cost "clearly includes all costs associated with replacement").

[2] The ACV provision under the "Limit of Liability" subsection is not the only portion of the Policy that renders ambiguous Geico's payment obligation. Immediately following the ACV provision, the Policy states that the limit of liability for "loss" will "not exceed the cost to repair or replace the property." Doc. [22-1] at 14. When repair is not feasible, that provision plausibly suggests that Geico will not pay more than the cost to *replace* the vehicle. This language bolsters the Court's conclusion that the Policy is ambiguous as to the role of replacement cost in compensating Plaintiff for his total loss.

8

Plaintiff, the Court finds Plaintiff sufficiently pleaded that Geico breached the Policy by not paying sales tax and fees for a replacement vehicle. *See Rieth v. Stand. Fire Ins. Co.*, 616 S.W.3d 490, 493 (Mo. Ct. App. 2020); *McPheeters*, 2021 WL 2935986, at *6 (finding the "limit of liability" in similar provision "plausibly explains both the limit of liability and the procedure for compensating the insured with ACV, including sales tax, when the covered vehicle is a total loss"); *Ewing*, 2020 WL 5995589, at *3.

Geico makes two further arguments for dismissal, each of which the Court rejects. First, Geico contends that sales tax is not, as Plaintiff alleges, a mandatory replacement cost because of Mo. Rev. Stat. § 144.027, which provides for a sales tax credit on the purchase of a replacement vehicle under certain circumstances. Because of the availability of that tax credit, Geico contends Plaintiff has failed to plead both breach and damages. Docs. [19] at 8–9; [28] at 6–8. Second, Geico argues that its $20.50 fee payment was sufficient, referencing various Missouri laws and regulations that it suggests show the $20.50 is more than enough to cover replacement fees. Docs. [19] at 9–11; [28] at 8–9. The Court finds these arguments premature. "[A]t this stage in the proceedings, where the Court is limited to the allegations in the [] Complaint and the reasonable inferences that can be drawn from them," *Nunes v. WP Co. LLC*, No. 1:21-cv-00506-CJN, 2021 WL 3550896 (D.D.C. Aug. 11, 2021), it would be inappropriate for the Court to survey the landscape of possible reasons that Plaintiff's claim might ultimately fail. Instead, focusing on the allegations in the Complaint, the Court concludes that Plaintiff sufficiently pleaded damages: he alleged that the required costs of sales tax and fees for a replacement vehicle exceed $20.50, so he suffered damages when Geico did not pay him for the tax and fees. Doc. [1] ¶¶ 26–27, 29–33; s*ee Ewing*, 2020 WL 5995589, at *3 (focusing motion-to-dismiss analysis on only allegations in complaint); *McPheeters*, 2021 WL 2935986, at *3 (explaining, in ruling on motion for judgment

9

on the pleadings, that "it is sensible at this stage to limit [the] inquiry to the four corners of the policy as interpreted through the applicable law" and not considering arguments about "insurance industry custom").  Because Plaintiff pleaded sufficient facts to establish that Geico breached the Policy and Plaintiff was injured because of that breach, the Court denies Geico's Motion to Dismiss the breach of contract claim.

### C. Plaintiff's Declaratory Judgment Claim is Redundant in Light of His Breach of Contract Claim

Finally, the Court will grant Geico's Motion to Dismiss as to Plaintiff's claim for declaratory relief (Count II) because that claim is duplicative of his breach of contract claim. "Courts routinely dismiss declaratory judgment claims when they are duplicative of breach of contract claims." *LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 456 (E.D. Pa. 2020); *Stein for Halpern Ins. Tr. Dated June 7, 1994 v. Phoenix Life Ins. Co.*, No. 4:17-cv-2879-JMB, 2018 WL 3375091, at *2 (E.D. Mo. July 11, 2018) ("Where a party's declaratory judgment claim is purely duplicative of its breach of contract claim, the declaratory judgment claim may be properly dismissed."); *see Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 233 (E.D. Pa. 2019) (collecting cases supporting that proposition).  "Under 28 U.S.C. § 2201 the Court '*may* declare the rights and other legal relations of any interested party seeking such a declaration' after it finds that a 'case or controversy exists.'" *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 31 (D.D.C. 2017) (emphasis in original).  District courts have broad discretion in determining whether declaratory relief is appropriate in a given case. *See Gibson v. Liberty Mut. Grp., Inc.*, 778 F. Supp. 2d 75, 79 (D.D.C. 2011); *Lannan Found.*, 300 F. Supp. 3d at 31; *C.P.X. through S.P.X. v. Garcia*, 450 F. Supp. 3d 854, 920 (S.D. Iowa 2020).  Several courts have dismissed claims for declaratory relief when that relief would serve no useful purpose, including where "a decision on the merits will render the

request for declaratory judgment moot." *Simmons v. Butler*, No. 4:19-CV-10-HEA 2019 WL 2231081, at *3 (E.D. Mo. May 22, 2019); *Lannan Found.*, 300 F. Supp. 3d at 31 ("The issues the [plaintiff] seeks to resolve through the declaratory judgment claim are duplicative of those addressed by the breach of contract claims and would therefore not serve a useful purpose."); *Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*, 479 F. Supp. 3d 143, 148 (E.D. Pa. 2020) (holding "when declaratory claims are redundant with parallel claims for legal relief, the declaratory claims should be dismissed").

The ultimate success or failure of Plaintiff's breach of contract claim, which, as discussed above, survives the instant Motion to Dismiss, will necessarily resolve his claim for declaratory relief. In the breach of contract claim, Plaintiff alleges that Geico owed him and the other class members the actual cash value of their insured vehicles, including sales tax and replacement fees. Geico's failure to provide the tax and fees serves as the basis for its alleged breach. *See* Doc. [1] ¶¶ 72–75. In the claim for declaratory relief, Plaintiff seeks a declaration that, under the Policy, "an insured is unconditionally entitled to" sales tax and replacement fees as part of an insured vehicle's actual cash value. *Id.* ¶ 79. Since Geico refused to pay the sales tax and fees, Plaintiff asserts that he and the class "are in doubt as to their rights" under the Policy, warranting "a declaration of their rights to the sales tax and [fees]." *Id.* ¶¶ 80, 86.

To decide whether Geico breached the Policy here, the Court *must* determine whether the Policy obligates Geico to pay Plaintiff and the other class members sales tax and fees ancillary to a replacement vehicle—exactly the issue raised by the declaratory relief claim. *See Gotthoffer v. Hartford Ins. Co. of the Midwest*, No: 20-cv-80454, 2020 WL 6326152, at *1 (S.D. Fla. Mar. 31, 2020) (dismissing as moot or duplicative a claim for declaratory relief where the plaintiff "ask[ed] for a declaratory judgment which would effectively determine that Defendant breached the Parties'

11

insurance contracts by failing to compensate Plaintiff for the property damages caused" by an accident). In short, "[t]he declaration Plaintiff[] seeks is no broader than" the same relief Plaintiff and the class will receive if the Court ultimately resolves the breach of contract claim in their favor. *Garcia*, 450 F. Supp. 3d at 920. The Court thus concludes that Plaintiff's claim for declaratory relief is duplicative of his breach of contract claim, so it dismisses Count II of the Complaint. *See Simmons*, 2019 WL 2231081, at *3 (dismissing claim for declaratory relief because outcome of substantive claims would "necessarily settle the issues of the parties' rights, status, and legal relationships"); *Lannan Found.*, 300 F. Supp. 3d at 31 (dismissing declaratory judgment claim because dispute "will be more completely resolved by the breach of contract and breach of fiduciary duty claims"); *MASTR Asset Backed Secs. Tr. 2006-HE3 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. Corp.*, 843 F. Supp. 2d 996, 1001 (D. Minn. 2012); c*f. Ewing*, 2020 WL 5995589, at *4 (dismissing declaratory judgment claim in case involving dispute and insurance policy substantially similar to the one here because "for a plaintiff to seek declaratory judgment in the same suit in which the plaintiff seeks money damages already incurred, the plaintiff 'must allege facts from which it appears that there is a substantial likelihood that he will suffer injury in the future'" (quoting *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1214–15 (11th Cir. 2019))).

## CONCLUSION

Appraisal is inappropriate as a means of resolving the parties' dispute here because their disagreement is one regarding the extent of the Policy's coverage, not the amount of loss, so the Court denies Geico's Motion to Compel Appraisal. Plaintiff sufficiently pleaded his claim that Geico breached the Policy by failing to pay him the sales tax and fees attendant to his purchase of a replacement for his totaled vehicle, and the Court will therefore deny Geico's Motion to Dismiss

as to Count I (breach of contract). However, Plaintiff's claim for declaratory relief is duplicative of the breach of contract claim, so the Court will grant the Motion to Dismiss as to Count II (declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant GEICO Casualty Company's Motion to Compel Appraisal and Dismiss Plaintiff's Class Action Complaint is **GRANTED** in part and **DENIED** in part. The Court **DENIES** Defendant's Motion to Compel Appraisal and to Dismiss Plaintiff's breach of contract claim (Count I). The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's request for declaratory relief (Count II).

Dated this 23rd day of August, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE